**FILED**
AUG - 1 2011
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

**NOT FOR PUBLICATION**

**ENTERED**
AUG 0 1 2011
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

In re:

SHMUEL ERDE,

Debtor.

Case No. 2:09-bk-25942-PC

Chapter 7

**MEMORANDUM DECISION**

Date: August 30, 2011
Time: 9:30 a.m.
Place: United States Bankruptcy Court
Courtroom # 1539
255 East Temple Street
Los Angeles, CA 90012

Before the court is the motion of Debtor, Shmuel Erde ("Erde") for reconsideration of this court's Order Approving Trustee's Motion to Approve Compromise With Eastern Savings Bank and Pebble Creek Realty, Inc. entered on July 29, 2011 ("Compromise Order") and Order Granting Trustee's Motion for Order Requiring Debtor to Turnover and Vacate the Property entered on July 27, 2011 ("Turnover Order"). Having considered Erde's motion and supplemental motion (collectively, "motion"), the court dispenses with oral argument and denies the relief requested in the motion based upon the following findings of fact and conclusions of law[1] pursuant to F.R.Civ.P. 52(a)(1),[2] as incorporated into FRBP 7052, and applied to contested matters by FRBP 9014(c).

This court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157(a) and

---

[1] To the extent that any finding of fact is construed to be a conclusion of law, it is hereby adopted as such. To the extent that any conclusion of law is construed to be a finding of fact, it is hereby adopted as such.

[2] Unless otherwise indicated, all "Code," "chapter" and "section" references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330 after its amendment by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23 (2005). "Rule" references are to the Federal Rules of Bankruptcy Procedure ("FRBP"), which make applicable certain Federal Rules of Civil Procedure ("F.R.Civ.P.").

1 | 1334(b). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). Venue is
2 | appropriate in this court. 28 U.S.C. § 1409(a).
3 |       Rule 9023 makes Rule 59(e) of the Federal Rules of Civil Procedure applicable in
4 | bankruptcy cases. FRBP 9023. Rule 59(e) authorizes the filing of a motion to alter or amend a
5 | judgment not later than 14 days after entry of the judgment. F.R.Civ.P. 59(e). Reconsideration is
6 | "an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of
7 | judicial resources.'" Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted);
8 | Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). In
9 | the Ninth Circuit, "'a motion for reconsideration should not be granted, absent highly unusual
10 | circumstances, unless the district court is presented with newly discovered evidence, committed
11 | clear error, or if there is an intervening change in the controlling law.'" Kona Enters., 229 F.3d
12 | at 890 (quoting 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999)).
13 | Reconsideration may also be granted "as necessary to prevent manifest injustice." Navajo Nation
14 | v. Confederated Tribes & Bands of the Yakima Indian Nation, 331 F.3d 1041, 1046 (9th Cir.
15 | 2003).
16 |       In this case, the Compromise Order was entered on July 29, 2011, and the Turnover Order
17 | was entered on July 27, 2011. Erde's motion was filed on August 1, 2011 – within 14 days of
18 | entry of each Order. Erde's motion is timely under Rule 9023. Erde's motion does not allege
19 | newly discovered evidence nor an intervening change in controlling law. Nor does Erde's
20 | motion allege that the court committed clear error or that reconsideration is necessary to prevent
21 | manifest injustice. Erde points to paragraph 7 of the Second Addendum to the compromise
22 | between Carolyn Dye, chapter 7 trustee ("Trustee"), and Eastern Savings Bank and Pebble Creek
23 | Realty, Inc. (collectively, "PCRI"), which requires the PCRI to "rescind the foreclosure sale on
24 | the Roxbury Property," and claims that the Trustee intends to renege on the compromise because
25 | she stated in a reply that <u>preceded</u> approval of the compromise that "the trustee could, if she
26 | chose to, eventually bring the property back into the estate . . . [but] the settlement intentionally
27 |

- 2 -

1  does not do this."[3] Erde reasons that he has no duty to turnover the Roxbury Property pursuant to the Turnover Order because the Trustee has no intention of requiring PCRI to rescind the foreclosure sale.

Based upon findings of fact and conclusions of law stated on the record at a hearing on July 21, 2011, the court approved a settlement between the Trustee and PCRI evidenced by the following documents:

1. Settlement Agreement and Mutual Release of Claims dated April 2011 ("Original Agreement");

2. Addendum to Settlement Agreement and Mutual Release of Claims filed on July 14, 2011 ("First Addendum"); and

3. Second Addendum to Settlement Agreement and Mutual Release of Claims filed on July 20, 2011 ("Second Addendum").

The Second Addendum specifically provides that "[u]pon Bankruptcy Court Approval of the Original Agreement and Addendum, PCRI shall rescind the foreclosure sale on the Roxbury Property, thereby revesting title with the Trustee."[4] The Second Addendum further provides that:

> Except as amended, supplemented or clarified by this Addendum, the provisions contained in the Original Agreement shall survive and are hereby affirmed. Any conflict between the terms of the Original Agreement and this Addendum shall be resolved in favor of this Addendum.[5]

The Trustee's Reply was filed on July 5, 2011 – prior to the Second Addendum. The Second Addendum specifically supersedes any provision in the Original Agreement and First Addendum that is contrary to the requirement in the Second Addendum requiring PCRI to rescind the foreclosure sale on the Roxbury Property. Erde's mis-construction of the Compromise Order in

---

[3] Supplement to Debtor's Motion for Reconsideration of July 21, 2011 Ruling, and July 29, 2011 Order Approving Compromise with PCRI, 2:6-11; see Trustee's Reply to Response and Declaration of Lewis R. Landau in Opposition to Trustee's Proposed Settlement with PCRI and in Support of Debtor's Dismissal Proposal, 5:6-8 (emphasis in original).

[4] Declaration of Carolyn A. Dye Re: Second Addendum to Settlement Agreement on Motion to Approve Compromise with Eastern Savings Bank, Pebble Creek Realty, Inc., Exhibit A, p.1.

[5] Id. (emphasis added).

- 3 -

light of the terms of the Original Agreement, First Addendum, and Second Addendum is not grounds for reconsideration of either the Compromise Order or the Turnover Order.

Reconsideration under Rule 9023 is not intended to give a litigant a "second bite at the apple." See In re Christie, 222 B.R. 64, 67 (Bankr. D.N.J. 1998) (citation omitted); see also Voelkel v. Gen. Motors Corp., 846 F.Supp. 1482, 1483 (D. Kan. 1994), aff'd, 43 F.3d 1484 (10th Cir. 1994) ("A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed."); U.S. v. Carolina E. Chem. Co., 639 F. Supp. 1420, 1423 (D.S.C. 1986) ("A party who failed to prove his strongest case is not entitled to a second opportunity by moving to amend a finding of fact or a conclusion of law."); In re Hillis Motors, Inc., 120 B.R. 556, 557 (Bankr. D. Haw. 1990) (Rule 59 does not "give a disappointed litigant another chance."(citation omitted)).

For the reasons stated, Erde's motion for reconsideration will be denied.

A separate order will be entered consistent with this memorandum.

DATED: August 1, 2011

PETER H. CARROLL
United States Bankruptcy Judge

- 4 -

| In re: | CHAPTER: |
|---|---|
| Debtor(s). | CASE NUMBER: |

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (specify **MEMORANDUM DECISION** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of 08-01-2011, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- James A Dumas    jdumas@dumas-law.com
- Carolyn A Dye (TR)    trustee@cadye.com, cdye@ecf.epiqsystems.com;atty@cadye.com
- Nichole Glowin    nglowin@wrightlegal.net, bkgroup@wrightlegal.net
- Christian T Kim    ckim@dumas-law.com
- Donna L La Porte    dlaporte@wrightlegal.net, bkgroup@wrightlegal.net
- Lewis R Landau    lew@landaunet.com
- Dare Law    dare.law@usdoj.gov
- Kim R Lepore    bankruptcy@hopplawfirm.com
- Michael W Tan    michael.w.tan@irscounsel.treas.gov
- John B Taylor    taylaw@gte.net
- Linh K Tran    bline.chapter13@blinellc.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

**Shmuel Erde**
301 S Roxbury Dr
Beverly Hills, CA 90212

Robin P Wright
Wright Finlay & Zak LLP
4665 MacArthur Ct Ste 280
Newport Beach, CA 92660

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐ Service information continued on attached page

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9021-1.1